UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN LEE ORR,

    Plaintiff,

        v.

SHARON MEHRTHENS,

    Defendant.

Case No. 15-cv-00805-JPG-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 3) and on jurisdictional issues. A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

Also, in light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled and exists. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it").

Plaintiff's Motion and Affidavit to Proceed in District Court without Prepaying Fees or Costs (Doc. 3) indicate that the Plaintiff has sufficient funds in cash or in a checking or savings account that prohibit a determination that the Plaintiff is indigent.

Next, the Court is unable to discern a cause of action over which it has subject matter jurisdiction.  Plaintiff is alleging that the Defendant, his VA Payee/Guardian for his veteran benefits, is misspending his funds.  However, the amount alleged is well below the jurisdictional requirement of $75,000.00 and Plaintiff has not plead a federal question.  As such, it appears this Court does not have jurisdiction over Orr's complaint.

The Court would note that it dismissed, without prejudice, a prior suit brought by Mr. Orr against Ms. Mehrtens (*Orr v. Mehrtens,* 14-cv-454-JPF-DGW, SDIL).  In the Court's Memorandum and Order (Doc. 7, 14-cv-454), the Court suggested that the Plaintiff seek assistance from a veterans' legal clinic.  The Court would once again encourage the Plaintiff to seek advice from a legal clinic that assists veterans (for example, the John Marshall Law School Veterans Legal Support Clinic[1], (312) 360-2656)) or one of the many veteran organizations (for example, Disabled American Veterans, (877) 426-2838).

Because it appears this Court does not have jurisdiction, Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 3) is **DENIED** and this matter is **DISMISSED** without prejudice.  The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** 8/11/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[1] The Court does not endorse the services of this particular legal clinic or the DAV veteran organization but simply lists these as examples of organization that may be able to assist Mr. Orr with his concerns.  Other veterans' clinics and organization may be identified by checking local listings or searching the internet.